UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,
Plaintiff,

v.

MARCUS JEREMY HUNTER, et al.,
Defendants.

## MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff John Doe respectfully moves this Court for an order (1) permitting him to proceed under pseudonym in this action, and (2) entering a protective order preventing Defendant Marcus Jeremy Hunter from publicly revealing Plaintiff's identity. In support of this motion, Plaintiff states as follows:

1. Plaintiff suffers from a severe mental health condition, diagnosed as a result of the trauma he sustained while attending Columbia University. The events giving rise to this lawsuit, including a sexual assault perpetrated against Plaintiff in September 2012 by Defendant Marcus Jeremy Hunter, caused such significant harm that Plaintiff attempted suicide. (Compl. ¶¶ 10, 93.)
2. Since the assault, Plaintiff has remained in treatment and therapy, and takes medication to manage his symptoms. (Compl. ¶ 93.) Revealing Plaintiff's name in this action risks retriggering his symptoms and causing immediate risk of mental health harm, suicidal ideations, and potentially another suicide attempt.
3. There is a strong public interest in protecting the identities of sexual assault victims to avoid deterring reports of these crimes. Allowing Plaintiff to proceed anonymously will protect him from further psychological harm while enabling him to pursue justice. See Doe v. Colgate Univ., No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (allowing sexual assault plaintiff to proceed under pseudonym).
4. Defendants will not be prejudiced by Plaintiff's use of a pseudonym, as they are already aware of his true identity. Any prejudice can be mitigated through a protective order limiting disclosure of Plaintiff's name. See Doe v. Vassar Coll., No. 19-CV-9601 (NSR), 2019 WL 5963482, at *3 (S.D.N.Y. Nov. 13, 2019).
5. The public's interest in knowing Plaintiff's identity is weak given the deeply personal and sensitive nature of the allegations. See Doe v. Skyline Autos. Inc., 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (Claims of sexual assault, by their nature, involve matters of a sensitive and highly personal nature. (quotation marks omitted)).

6. Plaintiff's need for anonymity outweighs the public's interest in disclosure and any prejudice to Defendants, as he faces a particularized risk of mental harm if his identity is revealed. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189-90 (2d Cir. 2008) (setting forth balancing test).
7. To further protect Plaintiff from harm, the Court should enter a limited protective order preventing Defendant Hunter from revealing Plaintiff's identity publicly, as Hunter was the perpetrator of the assault and alleged conspiracy leader. (Compl. ¶¶ 55-61.) See Doe v. Townes, No. 19-CV-8034 (ALC), 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2020) (entering protective order in sexual assault case).

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

(1) Granting Plaintiff leave to proceed under pseudonym;
(2) Directing the parties to redact any documents filed publicly to preserve Plaintiff's anonymity;
(3) Entering a protective order preventing Defendant Hunter from revealing Plaintiff's identity; and
(4) Granting such other relief as the Court deems just and proper.

Dated: June 1, 2024
New York, New York

Respectfully submitted,

/s/ John Doe
John Doe
Pro Se Plaintiff