UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARCUS JEREMY HUNTER, et al.,<br><br>        Defendants. | 23 Civ. 10394 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1981, Title VI, and Title IX of the Education Amendments of 1972, the New York Adult Survivors Act, and other state laws. *See* Amend. Compl., ECF No. 13. He asserts discrimination on the basis of his race and sexual orientation. *Id.* Plaintiff also submits a motion to proceed pseudonymously and entering a protective order. *See* ECF No. 11. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to proceed under the pseudonym "John Doe" and **DENIES** without prejudice to renewal Plaintiff's protective order.

## LEGAL STANDARDS

  Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties."[1] "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Courts have, however, permitted parties to proceed anonymously in a limited number of exceptions. In

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

deciding whether to permit a party to proceed anonymously, the United States Court of Appeals for the Second Circuit has articulated a nonexhaustive list of ten factors that courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (cleaned up). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests." *Id*. (citation omitted). And while no one factor is dispositive, consideration of the applicable "factors assist the court in balancing the competing interest of public scrutiny of judicial proceedings." *Doe v. Sarah Lawrence Coll.*, No. 22 Civ. 5905, 2022 WL 2866473, at *2 (S.D.N.Y. July 20, 2022).

## DISCUSSION

In December 2019, Plaintiff filed a substantially similar action against Columbia University. *See Doe v. Columbia Univ.*, No. 19 Civ. 11328 (S.D.N.Y. May 29, 2020) ("*Doe I*"). He also sought to proceed under the pseudonym "John Doe." After making a "factor-driven balancing inquiry," and "weighing competing interests," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008), the Court found that Plaintiff had "demonstrated that a

substantial privacy right [was] at issue outweighing the customary presumption of openness in judicial proceedings," *Doe I*, ECF No. 19 Civ. 11328 (JPO), 9, at 2 (S.D.N.Y. Dec. 17, 2019). The Court therefore granted Plaintiff's request to proceed under the pseudonym "John Doe."

On the same day Plaintiff commenced this action, he also filed two additional cases. *See John Doe v. Columbia Univ.*, No. 23 Civ. 10393 (DEH) (S.D.N.Y.); *John Doe v. Kachalia*, No. 23 Civ. 10395 (DEH) (S.D.N.Y.). In the other two matters, which are also assigned to the undersigned, Plaintiff sought to proceed pseudonymously, which this Court granted. *See* No. 23 Civ. 10393, ECF No. 6; No. 23 Civ. 10395, ECF No. 6. Following the reasoning of the Court in *Doe I*, this Court determined that the privacy right at issue and the potential harm that may result if Plaintiff's name were made public overcame the presumption of openness in judicial proceedings and public access. *See* 23 Civ. 10393, ECF No. 6 at 2; 23 Civ. 10395, ECF No. 6 at 2-3.

In this matter, which was not originally assigned to the undersigned, Plaintiff similarly sought to proceed pseudonymously, but his motion was denied without prejudice to renewal. *See* ECF No. 5. In particular, the Court noted that "the allegations that are the bases for Plaintiff's claims are of a highly sensitive and personal nature," *id.* at 10, but held that Plaintiff's motion was deficient for several reasons, including his failure to address relevant factors such as the public interest, possible prejudice to Defendants, and the harm that Plaintiff would endure in particular if his name were revealed (as distinct from the general harms that he has already allegedly endured as a result of the incidents forming the basis of his complaint), *see id.* at 9-10.

On June 10, 2024, Plaintiff renewed his motion to proceed pseudonymously, and further sought a protective order,[2] with a lengthier memorandum of law describing "the highly sensitive

---

[2] This case was reassigned to the undersigned on July 2, 2024. *See* Min. Entry July 2, 2024.

and personal nature of the claims, the severe risk of psychological harm to Plaintiff if his identity is disclosed, the lack of prejudice to Defendants, and the weak public interest in disclosure." ECF No. 12, at 2. Plaintiff states he "was diagnosed with, and . . . continues to be treated for severe mental health conditions, including being at immediate risk of suicidal ideations and suicide attempts upon disclosure of his identity." *Id.* He further notes that there will be no prejudice to Defendants, who "are already aware of his true identity." *Id.* at 3 (citing *Doe v. Colgate Univ.*, No. 15 Civ. 1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016)). Where, as here, "Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly," there is little risk of prejudice. *Colgate Univ.*, No. 15 Civ. 1069, 2016 WL 1448829, at *3. Plaintiff also argues that "the public's interest in knowing Plaintiff's identity is weak." ECF No. 12, at 2 (citing *Doe v. Vassar Coll.*, No. 19 Civ. 09601, 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019). And "[c]ourts have recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes." *Vassar Coll.*, 2019 WL 5963482, at *2.

Plaintiff's new memorandum of law cures the deficiencies that the Court identified in his original motion to proceed pseudonymously. As in *Doe I* and the other two cases filed by Plaintiff referenced above, this case involves allegations of sexual assault and other acts of a personal and sensitive nature. For the same reasons stated in *Doe I*, the Court finds that the privacy right at issue and the potential harm that may result if Plaintiff's complaint is available for public view outweighs the presumption in favor of openness in judicial proceedings and public access. And permitting Plaintiff to proceed pseudonymously in this case establishes consistency across all three pending cases filed by Plaintiff. The Court therefore **GRANTS** Plaintiff's motion to proceed as John Doe.

Plaintiff also asks for a protective order, however, that is premature as the Defendant has not received notice of this action. The Court **DENIES** Plaintiff's protective order without prejudice to renewal.

The Clerk of Court is respectfully directed to mail this Order to *pro se* Plaintiff, maintain the Amended Complaint, ECF No. 13 restricted to "court users and case participants," and to close the motion at ECF No. 11.

SO ORDERED.

Dated: August 9, 2024
New York, New York

DALE E. HO
United States District Judge