UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JOHN DOE,**
**Plaintiff,** v. **COLUMBIA UNIVERSITY, et al.,**
**Defendants.**

**Case Nos.**

**23-cv-10393 (DEH)**
**23-cv-10394 (DEH)**
**23-cv-10395 (DEH)**

**MOTION FOR CLARIFICATION OF SEPTEMBER 11, 2024 ORDER**

Plaintiff John Doe, proceeding pro se, respectfully moves this Court for clarification of its September 11, 2024 Order dismissing all three cases with leave to amend within 30 days.

**PRELIMINARY STATEMENT**

The Court's September 11 Order dismissed Plaintiff's complaints in Doe v. Columbia University (23-cv-10393), Doe v. Hunter (23-cv-10394), and Doe v. Kachalia (23-cv-10395), but granted leave to amend by November 14, 2024. However, the Order does not address several critical legal arguments raised in Plaintiff's complaints and subsequent filings. As a pro se litigant seeking to meaningfully exercise the opportunity to amend, Plaintiff requires clarification of specific aspects of the Court's ruling to ensure any amended complaints adequately address the Court's concerns.

**BACKGROUND**

1. Plaintiff filed three complaints asserting claims arising from sexual assault and subsequent institutional misconduct:
    - Doe v. Columbia University (contract rescission claims)
    - Doe v. Hunter (assault and battery claims)
    - Doe v. Kachalia (sexual assault claims)
2. The complaints raised several legal theories, including:
    - Mutual mistake as grounds for rescission of the settlement agreement
    - Equitable tolling of the statute of limitations
    - Ongoing violations and continuing harm
    - Title IX violations and retaliation
3. The Court's September 11 Order dismissed all three complaints but granted leave to amend within 30 days.

**ARGUMENT**

### I. Clarification Is Necessary for Meaningful Amendment

Courts must provide pro se litigants with a meaningful opportunity to amend their complaints. See *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (holding that pro se plaintiffs should be granted leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (holding that a court dismissing a pro se complaint must provide sufficient guidance to the plaintiff to understand the deficiencies that need to be addressed in order to state a claim); *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (district court must provide pro se litigant with notice of complaint's deficiencies and opportunity to amend unless amendment would be futile);

### II. Specific Areas Requiring Clarification

A. Mutual Mistake and Settlement Agreement

- The Court's Order does not address Plaintiff's arguments regarding mutual mistake under New York law. See *Simkin v. Blank*, 19 N.Y.3d 46, 52-53 (2012) (defining elements of mutual mistake claim and grounds for rescission).
- Clarification needed on whether these arguments were considered
- Guidance is needed on what additional facts would support rescission

B. Statute of Limitations and Equitable Tolling

- The Order finds claims time-barred but does not address equitable tolling principles in sexual assault cases. See *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 333-34 (E.D.N.Y. 2012) (discussing equitable tolling in context of institutional sexual abuse).
- Clarification on what facts would support tolling.
- Guidance needed on application of continuing violations doctrine. See *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002) (explaining continuing violation doctrine).

C. Title IX Claims and Institutional Liability

- The Order does not specifically address the elements of Title IX claims or institutional liability. See *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 644-45 (1999) (setting forth elements of Title IX claim).
- Clarification needed on what additional facts would support these claims
- Guidance needed on how recent events affect timeliness and liability

D. Sua Sponte Dismissal of Doe v. Hunter

- The Order does not address the premature sua sponte dismissal before service of process. See *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (sua sponte dismissal before service strongly disfavored).
- Guidance needed on repleading tort claims against individual defendants

### III. Good Cause Exists for Clarification

Courts have inherent authority to clarify their own orders. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (discussing courts' inherent power to manage their affairs). Pro se pleadings must be construed liberally. See *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (submissions of pro se litigants must be construed liberally and interpreted to raise the strongest arguments they suggest).

Clarification here would serve judicial economy by ensuring amended complaints properly address the Court's concerns.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Clarify its reasoning regarding:
   - The mutual mistake arguments for rescission
   - The application of statute of limitations and tolling doctrines
   - The sufficiency of Title IX allegations
   - The sua sponte dismissal of Doe v. Hunter
2. Provide specific guidance on what additional facts would support viable claims in each case
3. Stay the November 14 amendment deadline pending this clarification
4. Grant such other relief as the Court deems just and proper

Dated: November 11, 2024

Respectfully submitted,

/s/ John Doe
John Doe
Plaintiff Pro Se

---

The Court is in receipt of Plaintiff's letter, dated November 11, 2024. The motion for clarification of the Court's September 11, 2024 opinion and order is **GRANTED** in part and **DENIED** in part. The Court's opinion can be found at ECF No. 46 in Case No. 23 Civ. 10393, ECF No. 24 in Case No. 10394, and ECF No. 29 in Case No. 23 Civ. 10395.

The request for clarification is **GRANTED** to the extent the Court reiterates here the grounds for its decision. The Court dismissed Plaintiff's federal claims on statute-of-limitations grounds, see pages 22-24 of the opinion, and then declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, see pages 25-26 of the opinion. To the extent Plaintiff seeks guidance on additional facts that would support viable claims in his case, the Court cannot provide legal advice. Accordingly, the request for guidance is **DENIED**.

Plaintiff's request to extend his deadline to seek leave to amend is **GRANTED**. Plaintiff's letter is dated three days before his deadline to seek leave to amend, which was previously extended by 30 days to November 14. If Plaintiff believes he can cure the deficiencies in the Complaints related to the statute of limitations, he may file a motion for leave to amend, attaching as an exhibit a proposed Amended Complaint, by **December 20, 2024**. In light of the procedural history of this case, no further extensions will be granted. The clerk of Court is respectfully requested to enter this order in Nos. 23 Civ. 10393, 23 Civ. 10394, and 23 Civ. 10395 and to close ECF Nos. 61, 29, and 44, respectively. **SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: November 22, 2024
New York, New York